Donald J. Weiss, Esq.
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LESALDO SHALTO,

        Plaintiff,                                Case No. 18CV4950

    -against-

HARPERS FERRY HOSPITALITY LLC d/b/a JOHN BROWN
SMOKEHOUSE and 10-43 44TH DRIVE, LLC,

        Defendants.

Plaintiff, LESALDO SHALTO (hereinafter "Plaintiff"), through his undersigned counsel, alleges, upon information and belief:

## COMPLAINT

1. This action is brought on behalf of the Plaintiff against defendants HARPERS FERRY HOSPITALITY LLC ("Harpers") and 10-43 44TH DRIVE, LLC ("Landlord"; with Harpers, collectively, "Defendants") to enforce the statutory and regulatory provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. §1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff was paralyzed from the neck down many years ago in an automobile accident. As a result, he uses a wheelchair for mobility and has limited use of his hands and arms.

5. Harpers owns and operates a restaurant known as "John Brown Smokehouse" (the "Smokehouse") at the premises known and designated as 1043 44th Drive, Long Island City, NY (the "Property").

6. The Landlord is the owner and/or lessor of the Property.

7. Harpers occupies the Property pursuant to a written agreement with the Landlord.

8. Defendants own and/or operate a place of public accommodation covered by Title III of the ADA. 42 U.S.C. §§ 12181(7)(B), 12182(a); 28 C.F.R. §§36.104, 36.201. The Defendants are also covered entities under the Executive Law and the Administrative Code.

## GENERAL ALLEGATIONS

9. Plaintiff lives on Roosevelt Island and is often in the area where the Property is located, as it is near the bridge he crosses over to reach Long Island City.

10 Plaintiff last sought to eat at the Smokehouse on or about August 24, 2018, but was deterred from doing so due to the step at the entrance, which prevents access by wheelchair patrons.

11. In addition to the step at the entrance, there are additional architectural barriers at the Smokehouse, as more fully described below, which prevent or restrict access by individuals with disabilities, all of which were discussed with Plaintiff prior to the filing of this Complaint.

13. An inspection of the Smokehouse was conducted, as hereinafter described, and barriers to access include, but are not limited to, the following:

The main entrance consists of two doors, with handles where they meet, one of which pulls outward to enter (the other is not used as it was blocked by a bench at the time of investigation-see photo annexed as Exhibit A)[1]. There is a 5 ½ - 6 inch step which runs along the entire storefront. There are two additional doors with handles along the storefront, one each to the right and the left of the entrance. These doors are not used for entry and both have signs directing patrons to the center doors.

**The following barriers to entry are present at the entrance**:

a) There is no unobstructed route from the sidewalk to the entrance door, due to a rise, over ½ inch, in front of the door.

b) The rise over ½ inch in front of all the doors has not been ramped to allow entry by people in wheelchairs, although it is readily achievable to do so.

There is no interior vestibule and the passage to the sales counter, where one places their order, is unobstructed. A patron may also enter and proceed straight to the back, where a bar is located. There is an order counter and take out pick up at the front of the restaurant. The take out pick up counter is at an accessible height but Plaintiff may not approach it due to the step at the door. There is no bell or buzzer provided to alert inside employees that someone in a wheelchair is waiting outside for assistance. There is no obstruction within the interior pathway to the bar or dining tables, once one gets inside.

There is also a rear garden area which is located just past the bar. There are double doors to the garden area. Both doors pull into the restaurant, and the door to the left is obstructed

---

[1] Investigation reveals that a temporary barrier now appears to be utilized in cold weather months (Exhibit B).

inside by a table. Once you pass the doors, there is a landing followed by a step roughly 5 inches in height leading down into the garden area.

**The following barriers obstruct Plaintiff from entering the garden area in his wheelchair:**

c) After passing thru the door to the garden, a single step, under 6 inches high, prevents Plaintiff from rolling into the garden area.

d) There is no ramp, although it would be readily achievable to install one, to allow entry into the garden area by people in wheelchairs.

Inside the Smokehouse, there is ample aisle width to maneuver about in a wheelchair. One will move straight ahead down an aisle and then enter the various dining areas without obstruction. There is a bar with stools. The main dining area consists of square tables with a center leg which sits within a base on the floor made up of three legs. The base will obstruct Plaintiff from being able to pull up to a table and eat comfortably. There are tables to the left of the bar area which are also inaccessible to Plaintiff due to the base and center leg.

**The interior of the Smokehouse presents the following barriers:**

e) There are no accessible seating/tables in any of the dining areas that allow enough space for the Plaintiff to comfortably sit in his wheelchair, beneath a table. The table legs obstruct people in wheelchairs from pulling up to a table because there is no room for their feet and knees. Further, table bases obstruct wheelchair wheels and prevent a wheelchair from pulling up below the table.

f) There is no lowered section of the bar and no accessible table near the bar so that Plaintiff may join others at the bar in the camaraderie there.

There are two toilet rooms, one for each gender. Chairs are stored in the hallway which

obstruct the path necessary for a person in a wheelchair to turn into the ladies toilet room.

**The following barriers are present in the toilet rooms:**

g) The toilet paper is hung beyond the grab bars, too far for a person with limited dexterity to reach.

h) The reflective edge of the mirror is hung at about 46 inches, which is above the 40 inch maximum height which makes it usable for persons in wheelchairs.

i) There is a cabinet below the sink so that Plaintiff may not pull below it and reach the faucet, soap, etc.

k) The towels and soap are hung at a height inaccessible to a seated patron.

l) The door knobs are round so they may not be manipulated by people with limited dexterity.

14. Plaintiff will continue to visit the Smokehouse and will attempt to enter if the barriers to his enjoyment of the facilities have been removed.

15. It would be readily achievable for defendants to remove some or all of the barriers to access at the Smokehouse.

16. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against individuals with disabilities in violation of sections 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. §12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

17. Defendants' failure to remove the barriers to access constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. §12188(b)(l)(B)(i) and 28 C.F.R.§ 503(a).

18. Defendants' failure to remove the barriers to access constitutes unlawful

discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(l)(B)(ii) and 28 C.F.R.§ 36.503(b).

## CLAIMS FOR RELIEF

### CLAIM I

READILY ACHIEVABLE BARRIER REMOVAL

19. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 13. By failing to remove barriers to access to the extent it is readily achievable to do so, such as ramping the front step of the Smokehouse and the step leading into the garden area, adjusting toilet room fixtures and providing ADA compliant seating, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

20. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 13, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

21. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

### CLAIM III

FAILURE TO COMPLY WITH THE EXECUTIVE LAW

22. It is readily achievable for Defendants to remove the architectural barriers to

access identified in paragraph 13.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

23. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required, in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

24. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4) by maintaining and/or creating inaccessible places of public accommodation.

25. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 13.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiffs, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiffs as to the Defendants' places of public accommodation

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, as set forth in this Complaint;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

  D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiffs as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

  E. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

  F. Find that Plaintiffs are prevailing parties in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

  G. For such other and further relief to which Plaintiffs may be justly entitled.

Dated: August 30, 2018

             *Donald J. Weiss*
             Donald J. Weiss, Esq. (7619)