UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LESALDO SHALTO,

                       Plaintiff,

       -against-

HARPERS FERRY HOSPITALITY LLC d/b/a JOHN BROWN
SMOKEHOUSE and 10-43 44TH DRIVE, LLC,

                    Defendants.

Case No. 18CV4950

**STIPULATION OF
SETTLEMENT**

**WHEREAS,** Plaintiff LESALDO SHALTO ("Plaintiff") filed a complaint in the above-captioned action against defendants HARPERS FERRY HOSPITALITY, LLC d/b/a JOHN BROWN SMOKEHOUSE (hereinafter, the "Restaurant"), and 10-43 44TH DRIVE, LLC (the "Landlord"; the Restaurant and the Landlord being hereinafter collectively designated as "Defendants", the Plaintiff and the Defendants as the "Parties" and each a "Party"), alleging *inter alia*, certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the premises known as 10-43 44th Drive, Long Island City, New York; and

**WHEREAS,** the Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Defendants wish to resolve the Action, without an admission of liability, on the terms and conditions set forth in this Stipulation of Settlement (the "Stipulation"); it is

Settlement Agreement Execution

therefore

**STIPULATED, CONSENTED AND AGREED,** that the Action shall be settled as follows:

1.  Remedial Measures.

a.      Defendants shall install a ramp at the entrance to the Restaurant which would allow Plaintiff and other wheelchair bound patrons to independently enter the Restaurant (the "Ramp"). The Ramp shall be compliant with the accessibility requirements set forth in Section 405 of the 2010 ADA Standards for Accessible Design (the "2010 Standards").

Defendants shall seek such permits and approvals as are necessary to install the Ramp.  In the event any governmental agency requires any revisions to submitted plans for the Ramp which do not prohibit the installation of a permanent ramp of any nature, the proposed Ramp shall be modified as required by such governmental agency and such revisions shall not relieve the Defendants of their obligations herein.

The installation of the Ramp shall be completed within six months (the "End Date") of the date the Stipulation is filed with the United States District Court, Eastern District of New York (the "Start Date").  The End Date shall be subject to events beyond the control of the Defendants, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 60 days from the Start Date), failure of any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or weather conditions which prevent work from going forward, acts of God, *force majeure*, acts of war or terrorism, and the like.  In the event of such circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of the Stipulation, Defendants may request from

2

Settlement Agreement Execution

Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld, conditioned or delayed. Any failure to notify Plaintiff's counsel of delays and documentation of diligent efforts prior to the End Date, will be deemed a failure to comply with the Stipulation and shall constitute a breach thereof. Within 30 days of the installation of the Ramp, Landlord's attorney shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Ramp.

b.      No later than the End Date, Defendants shall install a permanent ramp at the entrance leading from the main Restaurant dining area to the rear outside dining area (the "Garden Area"), including, but not limited to, reconfiguring the current step and landing, which would allow Plaintiff and other wheelchair-bound patrons to independently enter the Garden Area. The ramp to the Garden Area shall be compliant with the accessibility requirements set forth in Section 405 of the 2010 Standards, and shall be installed no later than the End Date. In the event any governmental agency requires any revisions to submitted plans for the ramp to the Garden Area which do not prohibit the installation of a permanent ramp of any nature, the proposed ramp to the Garden Area shall be modified as required by such governmental agency and such revisions shall not relieve the Restaurant of its obligation to install a permanent ramp to the Garden Area.

In the event any governmental agency prohibits the installation of any permanent ramp to the Garden Area, Defendants agree to work with Plaintiff to install an acceptable non-permanent ramp that complies with Section 405 of the 2010 Standards.

c.      Defendants shall be responsible for providing at least one wheelchair-accessible table inside the premises, and, during the time that Restaurant provides outside seating, a second wheelchair-accessible table outside, which tables both meet the requirements of section 902 of the

3

Settlement Agreement Execution

2010 Standards, which both will allow a patron in a wheelchair to place his/her knees and toes beneath the table, which both are located on an accessible route which provides proper clear floor space for seating and does not require seated patrons to move out of the way of an approaching wheelchair, or for a wheelchair-bound patron to move to allow passage of other patrons, as set forth in Sections 226.1 and 226.2 of the 2010 Standards.

       d.    Within six (6) months of the Start Date, Defendants shall fit out at least one unisex toilet room that complies with the following requirements of the 2010 Standards (to the extent that these modifications have not yet been complied with since this Action was filed):

         i.    grab bars at compliant heights and distances from the toilet;

        ii.    a toilet paper dispenser at a compliant location from the toilet;

        iii.    paper towel and soap dispensers at compliant heights; and

        iv.    insulated hot water pipes below the sink.

3.    <u>Monetary Consideration</u>.

    Defendants will cause to be paid to Plaintiff, to the order of and through his attorney, Donald J. Weiss, the sum of Seven Thousand Five Hundred Dollars ($7,500.00) (hereinafter, the "Settlement Payment"). The Settlement Payment includes any and all monetary claims against Defendants for damages, legal fees, expert fees, costs, and any and all actual or potential fees, costs, and expenses incurred in connection with the Action. The Settlement Payment shall be paid and delivered to Plaintiff's attorney within 20 days of the date the Stipulation signed by Plaintiff is provided to Defendants' counsel. Upon receipt of the Settlement Payment, Plaintiff's counsel shall fill a Stipulation of Dismissal in the form annexed hereto.

    4.    <u>Allocation of Remediation Costs and Work Between Defendants</u>.

4

Settlement Agreement Execution

It is stipulated and agreed by and between Defendants that they will share the costs of remediation and the settlement costs paid to Plaintiff as set forth in Paragraph 3 hereof equally, on a 50-50 basis. Payment for remediation costs incurred will be paid within thirty (30) days of the presentation of reasonable estimates and final invoices for the work performed. Before the work to be performed is commissioned or purchases made the Defendants shall share estimates with each other of the cost of the work and no work shall be commenced until such is mutually agreed upon (*i.e.*, "Approval"). Neither Defendant will commence any of the remedial measures to be undertaken pursuant hereto unless and until such work is mutually agreed upon by both Defendants (*i.e.*, "Approval"), unless the cost of such remedial measure is less than one hundred dollars ($100.00). Notwithstanding same, such Approval shall not be unreasonably withheld. Landlord will undertake the contracting and purchases for the Ramp and Restaurant will undertake the contracting and purchases for the interior work and Garden Area ramp as specified herein

5.   Release.

a.    In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or

5

Settlement Agreement Execution

hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

b.      In consideration of the obligations agreed to pursuant to this Stipulation, each Defendant, on behalf of itself, its heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Defendant Releasor") hereby remises, releases, acquits, satisfies, and discharges the other Defendant, its parents, subsidiaries and affiliates, and current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Defendant Releasee") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Defendant Releasor ever had, now has or hereafter can, shall or may have against the Defendant Releasee with respect to all claims made in the Action and the remedial actions undertaken pursuant thereto, from the beginning of the world up to the date of this Stipulation.

6.      <u>No Admission of Liability</u>.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants. Defendants acknowledge, without conceding, any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken pursuant

6

Settlement Agreement Execution

hereto constitute a satisfactory resolution of the access claims alleged herein.

7.    Fees and Expenses.

Each of the Parties shall bear its own attorney's fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation *provided, however*, that in the event of breach of this Stipulation, the non-breaching party(ies) shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts to enforce this Stipulation.

8.    Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party.   All references to the Defendants herein shall be deemed to include their successors and assigns.

9.    Governing Law and Jurisdiction.

The Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce the Stipulation shall lie in the United States District Court for the Eastern District of New York or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.  The United States District Court for the Eastern District of New York shall retain jurisdiction over the Parties with respect to the terms of this Stipulation and the enforcement thereof.

10.    Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has

7

Settlement Agreement Execution

been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

11.     Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.  For purposes hereof, an email or a series of emails is not considered to be "in writing" unless the Parties specifically state that it is intended to serve as such.

12.     Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

13.     Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page.  A facsimile, copy or PDF, of any Party's signature shall be deemed as legally binding as an original signature.

14.     Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or

reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

8

Settlement Agreement Execution

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
June _14_ , 2019

_(signature)_
LESALDO SHALTO

HARPERS FERRY HOSPITALITY, LLC

By: _(signature)_
Name: Jeannine Chanes
Title: General Counsel

10-43 44TH DRIVE, LLC

By: _(signature)_
Name: Irene Batas, Individually & as
Title: Managing Member

So Ordered:

_____
USDCJ

9

Settlement Agreement Execution