UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LESALDO SHALTO,

              Plaintiff,

     -against-

HARPERS FERRY HOSPITALITY LLC
and 10-43 44TH DRIVE LLC,

             Defendants.
-------------------------------------------------------X

REPORT & RECOMMENDATION
18 CV 4950 (DLI)(LB)

**BLOOM, United States Magistrate Judge:**

      Plaintiff Lesaldo Shalto filed this Americans with Disabilities Act ("ADA") action against defendants, Harpers Ferry Hospitality LLC ("Harpers Ferry") and 10-43 44th Drive LLC (the "Landlord"), concerning accessibility barriers at the John Brown Smokehouse (the "Property"). The parties settled the action and filed a stipulation containing their settlement agreement (the "Stipulation") on July 18, 2019, which the Court so-ordered on July 19, 2019. Plaintiff moves to enforce the parties' Stipulation. ECF No. 38. The Honorable Dora L. Irizarry referred plaintiff's instant motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). I held a telephone conference in this case on April 27, 2020 to address plaintiff's motion. In light of the Landlord's clear breach of the parties' Stipulation, it is respectfully recommended that plaintiff's motion to enforce the Stipulation should be granted.

## BACKGROUND

      Plaintiff is paralyzed and wheelchair-bound. ECF No. 1 at ¶ 4. The Landlord is the owner and lessor of the Property; Harpers Ferry is the lessee of the Property and operates a restaurant, John Brown Smokehouse, on the premises. Id. at ¶¶ 6–7.

      Plaintiff attempted to visit the Property around August 24, 2018 and encountered several accessibility barriers. Id. at ¶¶ 10–11. For instance, plaintiff explained that the main entrance, which does not have a ramp or a buzzer, was inaccessible to individuals in wheelchairs due to a 5.5–6-inch step. Id. at ¶ 13. Plaintiff claimed that it was "readily achievable" for defendants to remove the accessibility barriers, or to provide alternatives. Id. at ¶¶ 19–21.

      The Court held six conferences in this case. During the May 24, 2019 conference, the

parties reported that they had reached a settlement in principle. Electronic Order dated May 24, 2019. The parties filed their Stipulation of Settlement on July 18, 2019, ECF No. 35, which the Court so-ordered on July 19, 2019. The Stipulation provided that the Landlord would install a "ramp at the entrance to the [Property] which would allow Plaintiff and other wheelchair[-]bound patrons to independently enter the [Property]" (the "Ramp"). ECF No. 35 at 2, 5.

More than seven months later, on March 4, 2020, plaintiff filed a motion to enforce the Stipulation.[1] ECF No. 38. Plaintiff alleges that defendants breached the terms of the July 18, 2019 Stipulation by not installing the Ramp within six months. ECF No. 38-1 at 1–2. Furthermore, plaintiff reviewed the New York City Department of Buildings records and found that defendants had not filed any application for a permit to install the Ramp, which the Landlord was required to do within sixty days of the Stipulation being filed with the Court. Id.; ECF No. 35 at 2. Plaintiff's counsel notified defendants' counsel of the breach of the Stipulation, but did not hear back from the Landlord's counsel. ECF No. 38-1 at 2.

The Landlord's response to plaintiff's motion acknowledges that it was responsible for installing the Ramp and attaches an application for a permit to the New York City Department of Buildings dated April 15, 2020.[2] ECF No. 39. Harpers Ferry's response to plaintiff's motion states that the Landlord was obligated under the Stipulation to install the Ramp, and reports that it has "timely completed its ADA compliance work to Plaintiff's satisfaction." ECF No. 41.

On April 27, 2020, I held a telephone conference to address plaintiff's motion and stated that I would recommend that plaintiff's motion should be granted.[3]

## LEGAL STANDARD

Stipulations which contain parties' settlement agreements that are so-ordered by the Court are "hybrid in the sense that they are at once both contracts and orders[.]" Yancey v. LH Hosp. LLC, No. 16 Civ.1855 (PAE), 2019 WL 1274731, at *2 (S.D.N.Y. Mar. 20, 2019) (citing United States v. ITT Cont'l Baking Co., 420 U.S. 223, 236 n.10 (1975) and Schurr v. Austin Galleries, 719 F.2d 571, 574 (2d Cir. 1983)). These types of consent stipulations or "[c]onsent decrees

---

[1] Plaintiff initially filed his motion on March 3, 2020, ECF No. 36; however, the motion was stricken as deficient, Electronic Order dated Mar. 4, 2020.
[2] The Landlord's response also raised issues regarding Harpers Ferry's rent arrears and access to the interior of the Property. ECF No. 39 at 2–3. These issues are irrelevant to plaintiff's instant motion, which only raises defendants' failure to install the Ramp at the main entrance of the Property.
[3] The transcript of the April 27, 2020 conference has been ordered and shall be made part of the record.

'reflect a contract between the parties (as well as a judicial pronouncement), and ordinary rules of contract interpretation are generally applicable.'" United States ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cty., N.Y., 712 F.3d 761, 767 (2d Cir. 2013) (quoting Doe v. Pataki, 481 F.3d 69, 75 (2d Cir. 2007)). "[D]eference [shall] be paid to the plain meaning of the language of a decree and the normal usage of the terms selected." Id. (internal quotation marks and citations omitted); see also ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 88 (2d Cir. 2009) (Under New York contract law, "words and phrases . . . should be given their plain meaning.") (citation omitted).

## DISCUSSION

As a threshold matter, this Court has subject matter jurisdiction over the enforcement of the parties' Stipulation. The parties agreed that the United States District Court for the Eastern District of New York would "retain jurisdiction over the Parties with respect to the terms of this Stipulation and the enforcement thereof" and would serve as the "venue for any litigation brought to enforce the Stipulation[.]" ECF No. 35 at 7. These terms were contained within the Stipulation which was so-ordered by the Court; therefore, the Court retains subject matter jurisdiction to enforce the Stipulation. See Yancey, 2019 WL 1274731, at *3–4 (in a similar suit regarding ADA accessibility, the Court "retains continuing subject matter jurisdiction to enforce [the parties' stipulation] as an Order of the Court.") (citing cases).

The Stipulation at issue here is clear and unambiguous and I find that the Landlord has breached the Stipulation. Under the plain terms of the Stipulation, the Landlord was obligated to "undertake the contracting and purchases for the Ramp[.]" ECF No. 35 at 5. In doing so, the Landlord was obligated to file any permit application with the appropriate government entity "no later than 60 days from the Start Date [July 18, 2019]." Id. at 2. Furthermore, the Landlord was obligated to install the Ramp within six months of July 18, 2019 (i.e. January 18, 2020) and to produce photos of the completed Ramp to plaintiff's counsel within thirty days of installation. Id. at 2–3. The Landlord failed to meet its obligations under the Stipulation and fails to raise any extenuating circumstances[4] that would warrant an extension of its deadlines.

---

[4] The Stipulation states that the deadline to install the Ramp "shall be subject to events beyond the control of Defendants, such as delay in obtaining approved building or zoning permits, . . . failure of any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or weather conditions which prevent work from going forward, acts of God, *force majeure*, acts of war or terrorism, and the like." ECF No. 35 at 2. None of these circumstances apply to the facts of this case. Although the current global health crisis

3

The Landlord argues that it is in compliance with the Stipulation because it filed an application for a permit with the New York City Department of Buildings on April 15, 2020. ECF No. 39 at 2, 15. However, by the plain terms of the Stipulation, the Landlord was obligated to pursue any necessary permits within <u>sixty days</u> of July 18, 2019 (i.e. by September 16, 2019). ECF No. 35 at 2. It is clear that the Landlord did not do so. Moreover, the Landlord only applied for the permit after plaintiff filed the instant motion. During the April 27, 2020 telephone conference, counsel for the Landlord attempted to blame an architect for the seven-month delay in applying for the permit.[5] However, this argument is unavailing. Any alleged oversight by someone working with the Landlord does not absolve the Landlord of its responsibility to timely comply with the plain terms of the parties' Stipulation.

The Stipulation provides in case of a breach, "the non-breaching party(ies) shall be entitled to collect any fees and expenses incurred, including reasonable attorneys' fees, by reason of any efforts to enforce this Stipulation." <u>Id.</u> at 7. As discussed above, the Landlord clearly breached its obligations under the Stipulation. Plaintiff's counsel brought the instant motion to enforce the Stipulation and Harpers Ferry responded to the motion. Accordingly, pursuant to the plain terms of the Stipulation, plaintiff's counsel and counsel for Harpers Ferry are entitled to reasonable attorney's fees. Plaintiff's counsel and counsel for Harpers Ferry shall file a letter reflecting their fees and expenses regarding the instant motion by May 14, 2020.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to enforce the Stipulation should be granted. Plaintiff's counsel and counsel for Harpers Ferry shall file a letter reflecting any attorney's fees and expenses incurred as a result of the instant motion by May 14, 2020.[6] Furthermore, the parties shall file a status letter by May 28, 2020.

---

may be an impediment to construction of the Ramp now, it was not a condition which prevented this work from going forward at the time the Stipulation was filed with the Court.

[5] The Landlord's response to plaintiff's motion, ECF No. 39, makes no mention of any architect's failure to apply for a permit.

[6] As discussed on the record, the Court encourages the parties to resolve the attorney's fees issue on consent.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. <u>Marcella v. Capital Dist. Physicians' Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                /S/

Dated: April 29, 2020                                         LOIS BLOOM
        Brooklyn, New York                            United States Magistrate Judge